1

Hon. Marsha J. Pechman

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

ROSHANAK ROSHANDEL, et al.,

11

Plaintiffs,

No.  C07-1739-MJP

12

v.

AGREED MOTION FOR
CLARIFICATION

13

MICHAEL CHERTOFF, Secretary, United States
Department of Homeland Security, et al.,

Noted for Consideration on May 23, 2008
Pursuant to CR 7(d)(1)

14

Defendants.

15

16

17

On April 25, 2008, the Court granted the Plaintiffs' Motion for Class Certification and

certified the following class:

18

19

20

All lawful permanent residents of the United States residing in the
Western District of Washington[1] who have submitted naturalization
applications to the USCIS but whose naturalization applications have
not been determined within 120 days of the date of their initial
examination due to the pendency of a name check.

21

22

During the parties' subsequent conversations regarding language for a proposed class

notice, it became clear that counsel for the parties are unclear on how to interpret the class

23

definition articulated by the Court.  Both parties, however, agree that no potential class member

24

whose naturalization application was adjudicated prior to April 25, 2008, is a class member.

25

26

[1] The parties are in agreement that "residing in the Western District of Washington" means that an
applicant was a resident of the Western District of Washington at the time the application was filed, or
that the applicant subsequently moved into the Western District of Washington and informed USCIS of
his or her change of address.  Applicants who filed in the Western District of Washington but who have
subsequently moved are not part of the class.

27

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98104-1271
TEL. (206) 553-7970

1    In order to assist the Court, the parties have each included a short argument in support of

2  their respective positions, and respectfully ask the Court to issue an order clarifying the

3  interpretation of the class definition:

4    **Plaintiffs' Position**

5    An order certifying a class is retroactive to the date the complaint was originally filed, see,

6  e.g., County of Riverside v. McLaughlin, 500 U.S. 44, 52 (1991) (citations omitted), in this case

7  October 29, 2007.  Plaintiffs therefore understand the Court's certification order to encompass

8  any and all lawful permanent residents residing in the Western District of Washington (1) who,

9  on or after October 29, 2007, had waited more than 120 days from the date of their initial

10  examination for an adjudication of their naturalization applications and (2) whose name checks

11  remained pending on the 120-day anniversary of their initial examination.

12    Under defendants' proposal, a lawful permanent resident who applied for naturalization on

13  January 1, 2005, was interviewed on June 1, 2005, and whose name check was purportedly

14  completed before October 29, 2007 but whose naturalization application was not adjudicated as

15  of April 25, 2008[1]  would be ***excluded*** from the class.  This unduly narrows the class.   The

16  people in that category are class members who waited beyond the 120-day deadline for

17  defendants to act on their naturalization application and should not be excluded.

18    Plaintiffs' proposal is intended to identify ***all*** persons residing in this judicial district who

19  have been injured by defendants' unlawful conduct.  There should be no artificial cutoff date for

20  class membership.  The inquiry under the Court's class definition should simply be whether an

21  applicant has waited more than 120 days after his or her interview because of a pending name

22  check, not just the FBI portion of the name check process.  Plaintiffs respectfully request that the

23  Court clarify its class certification order accordingly.

24

25

26

27
_____
[1] Defendants contend that a name check is completed when the FBI returns results to CIS.  This position
28  fails to account for CIS's processing of name checks, including, for example, situations in which CIS
performs additional investigation based on the results of the FBI's.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98104-1271
TEL. (206) 553-7970

AGREED MOTION FOR CLARIFICATION - 2
(C07-1739-MJP)

**<u>Defendants' Position</u>**

Defendants interpret the class definition slightly differently than Plaintiffs' interpretation, such that membership in the class is contingent upon the pendency of a FBI name check as of October 29, 2007.  Thus, Defendants interpret the class definition to include all applicants who reside in the Western District of Washington, where (1) the applicant filed a naturalization application with USCIS; (2) the applicant was interviewed by USCIS and, as of October 29, 2007, over 120 days had passed since the date of the interview; and (3) as of October 29, 2007, the results of the applicant's FBI name check had not been received by USCIS.  Under Defendants' interpretation, only individuals whose FBI name checks remained pending as of October 29, 2007 are included in the class.  Therefore, individuals whose FBI name checks were completed prior to October 29, 2007, and whose naturalization applications remain pending, are not part of the class.  Any individual whose FBI name check was received by USCIS after October 29, 2007, and prior to the date the class notice is sent, is eligible to opt-out.  Moreover, it is the Government's position that based on this Court's prior order, if an individual's name check is received by USCIS after the class notice is sent, he/she may opt-out at any time as well.

First and foremost, this case is and always has been about "delayed naturalization applications allegedly due to a pending 'name check' with the FBI."  Order Denying Motion to Dismiss/Remand at 2.  The Court found that Plaintiffs have alleged delay-based injuries stemming directly from this name check requirement resulting in Plaintiffs' inability to vote, to serve on juries, to travel freely, and to have jobs for which they are qualified.  *Id*. at 7.  The Court concluded that the existence of the name check policy within USCIS means that unnamed and future class members will face contested delays in the future.  *Id*. at 7.

In the Court's order granting class certification, the Court stated that the claims of the named Plaintiffs are typical of those of the class because all of the potential class members experienced delayed naturalization adjudications due to the name check requirement.  Order Granting Class Certification at 10-11.  The Court's orders were specific to the delays caused by the FBI name check, and the class definition itself requires an applicant's delay must have occurred "due to the pendency of the FBI name check" for inclusion in the class.  The

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98104-1271
TEL. (206) 553-7970

1   Government's interpretation –  that individuals are not included in the class if an individual's FBI

2   name check was received by USCIS prior to October 29, 2008 – is consistent with this Court's

3   specific rulings and Plaintiffs' own class definition.

4          Moreover, this Court recognized that the Court's exclusive jurisdiction over section

5   1447(b) petitions will suspend all pending individual naturalization applications falling within the

6   class, including those whose name checks are completed during the pendency of this litigation.

7   *Id.* at 11.  The Court addressed this issue by allowing class members to opt-out of the class and

8   stated that "[g]iven the potential for further delay in naturalization decisions as a result of the

9   class action, potential members of the class may decide to opt-out and have their applications

10  adjudicated by USCIS outside the context of this litigation."  *Id.* at 12.  This language expressly

11  shows the Court's interpretation of the class definition was the same as the Government's – the

12  defining element of class inclusion is based on the completion of the FBI name check.  It would

13  then logically follow that any class member whose name check was received by USCIS prior to

14  October 29, 2007, should not be included in the class because his/her application would have

15  already moved forward in the process of adjudication.[2]   The Court clearly intended to allow

16  class members to receive a quick adjudication of their application once the FBI name check was

17  completed, which is why it provided for the opt-out provision.  For the Court to adopt Plaintiffs'

18  request to broaden the scope of their own class definition would be inapposite of its own rulings.

19  If the Court were to adopt Plaintiffs' newly asserted and all-encompassing class definition, the

20  Court then would place a burden on those class members' by assuming jurisdiction and requiring

21  them to opt-out before their applications can be adjudicated.

22         The Government anticipates that Plaintiffs may assert that the Government only chooses to

23  interpret the class definition this way in an effort to reduce the class size.  Such an assertion

24  would be unwarranted because the Government bases its interpretations on the pleadings and

25  briefing papers filed by Plaintiffs in this case and the Court's orders.  The Government has

26  consistently interpreted the class definition this way as evident in its Opposition to Class

27

28         [2]   Given that Plaintiffs' counsel agrees that anyone whose application was adjudicated prior to April
       25, 2008 is not in the class, the Government need not address the issue of applications adjudicated while
       in the Court's exclusive jurisdiction.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98104-1271
TEL. (206) 553-7970

1  Certification, where the Government explained its interpretation of the class and stated that the

2  class definition was problematic.  *See generally* Opposition to Class Certification at 10-12.

3          More importantly, it is the Government's understanding that Plaintiffs' believe any delays

4  are "attributable" to the FBI name check, so long as the applicant waited more than 120 days after

5  his/her interview for adjudication, and therefore any such applicant is in the class.  It is the

6  Government's position, however, that the Court did not intend for such a broad definition.  As the

7  Government argued previously, the FBI name check is merely one step in the entire background

8  examination process conducted by USCIS.  For example, the wait could be because of the name

9  check backlog, or because of the need for further evidence, or because of a fraud investigation, or

10 for any number of other reasons.  Even if the wait originally stemmed from the FBI name check

11 itself, the case could still be with the FBI after the completion of the FBI name check because of

12 a more extensive FBI investigation, or with USCIS for further investigation or processing.

13         This class was certified based on the understanding that the only reason for delay for class

14 members was the FBI name check, and that all other statutory requirements were met on the

15 applications.  All prior representations from the Government about the number of pending

16 applications that met the proposed class definition were made with this understanding, as this was

17 what was alleged in the Complaint and class definition.  Moreover, Plaintiffs' stance now

18 expands the class definition because, in essence, their new definition would include every single

19 application pending as of October 29, 2007, even if the applicants' name checks have already

20 been completed by the FBI and the delay is no longer attributable to the wait for the FBI name

21 check results.

22         Plaintiffs' proposed class definition never read, "All lawful permanent residents of the

23 United States residing in the Western District of Washington who have submitted naturalization

24 applications to the USCIS but whose naturalization applications have not been determined within

25 120 days of the date of their initial examination."  This, however, is how they now propose to

26 interpret the definition.  As such, the Court should construe the class to match the plain language

27 of the definition proposed by Plaintiffs and adopted by this Court.

28

UNITED  STATES  ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98104-1271
TEL. (206) 553-7970

1    In addition, class members who are already covered by a previous existing settlement

2    should not be considered a part of this class.  Thus, any individual class member who may have a

3    claim for loss of Social Supplemental Income (SSI) in addition to their 1447(b) claim would be

4    excluded from this class because they are covered by the settlement in *Kaplan v. Chertoff*, Case

5    No. 06-5304 (E.D. Penn.) (Settlement Agreement attached hereto as Exhibit A).[3]

6    In conclusion, the Government respectfully requests that the Court help the parties

7    interpret the certified class definition in accordance with its previous orders basing the class

8    certification on the pendency of an FBI name check.  If the class definition is broader than how

9    the Government's interpretation, the Government additionally requests that the Court's order

10   include specific instruction as to determine who is included in the class.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   [3] Plaintiffs' fourth cause of action regarding USCIS's failure to provide notice of remedies is precluded by the settlement agreement in *Lee v. Gonzales*, W.D. Wash., Case No. 04-449-RSL.

28   However, no class was certified for this cause of action, so the *Lee* settlement is not relevant with respect to the interpretation of the class definition.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98104-1271
Tel. (206) 553-7970

1  DATED: May 23, 2008.                          DATED: May 23, 2008.

2

3  STOEL RIVES LLP                               JEFFREY S. BUCHOLTZ
   Attorney for Plaintiffs                       Acting Assistant Attorney General
4                                                ELIZABETH J. STEVENS
                                                 Assistant Director
5   /s/ Rita V. Latsinova                        District Court Section
   RITA V. LATSINOVA, WSBA No. 24447             Office of Immigration Litigation
6  600 University Street, Suite 3600
   Seattle, WA 98101
7  (206) 624-0900                                 /s/ Nancy N. Safavi
   (206) 386-7500 (fax)                          NANCY N. SAFAVI
8  aaday@stoel.com                               Conditionally admitted in the W.D. Wash.
   rvlatsinova@stoel.com                         Trial Attorney
9                                                District Court Section
                                                 Office of Immigration Litigation
10 ROPES & GRAY LLP                              Civil Division
                                                 United States Department of Justice
11                                               P.O. Box 878, Ben Franklin Station
    /s/ Alfred Arthur Day                        Washington, D.C.  20044
12 ALFRED ARTHUR DAY, WSBA No. 34926             Phone: (202) 514-9875
   One International Place                       Fax: (202) 305-7000
13 Boston, MA 02110                              Email: Nancy.Safavi@usdoj.gov
   (617) 951-7185                                Attorneys for Defendants
14 (617) 235-9684 (fax)
   alfred.day@ropesgray.com
15
   AMERICAN CIVIL LIBERTIES UNION OF             JEFFREY C. SULLIVAN
16 WASHINGTON FOUNDATION                         UNITED STATES ATTORNEY
   SARAH A. DUNNE, WSBA No. 34869
17 AARON H. CAPLAN, WSBA No. 22525
   705 Second Avenue, Third Floor                 /s/ Rebecca S. Cohen
18 Seattle, WA 98104                             REBECCA S. COHEN, WSBA No. 31767
   206-624-2184 (main)                           Assistant United States Attorney
19 dunne@aclu-wa.org                             U.S. Attorney's Office
   caplan@aclu-wa.org                            Western District of Washington
20                                               700 Stewart Street, Suite 5220
   NORTHWEST IMMIGRANT RIGHTS                    Seattle, Washington 98101
21 PROJECT                                       (206) 553-6526
   MATTHEW ADAMS, WSBA No. 28287                 Email: Rebecca.Cohen@usdoj.gov
22 CHRISTOPHER STRAWN, WSBA No.                  Local Counsel for Defendants
   32243
23 615 Second Avenue, Suite 400
   Seattle, WA 98104
24 206-549-4009 (main)
   matt@nwirp.org
25 chris@nwirp.org

26

27

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Aaron H. Caplan
E-mail: caplan@aclu-wa.org

Alfred Arthur Day
E-mail: alfred.day@ropesgray.com

Christopher Strawn
E-mail: chris@nwirp.org

Margarita V. Latsinova
E-mail: chris@nwirp.org

Matt Adams
E-mail: matt@nwirp.org

Sarah A. Dunne
E-mail: dunne@aclu-wa.org

and I further certify that on the same date I caused to be mailed by United States Postal Service the document to the following non-CM/ECF participants:

– 0 –

Dated this 23rd day of May, 2008.

/s/   Jing Y. Xu
JING Y. XU
Legal Assistant
Office of the U.S. Attorney
Seattle, Washington

AGREED MOTION FOR CLARIFICATION - 8
(C07-1739-MJP)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98104-1271
TEL. (206) 553-7970