UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSHANAK ROSHANDEL; VAFA GHAZI-MOGHADDAM; HAWO AHMED; LIN HUANG; AHMAD ALKABRA; MOHAMMAD REZA AIDINEJAD; and ZAHRA ABEDIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>Defendants. | Case No. C07-1739MJP<br><br>ORDER GRANTING JOINT MOTION TO AMEND CLASS DEFINITION |

This matter comes before the Court on the parties' agreed motion for clarification. (Dkt. No. 36.) On April 25, 2008, the Court granted Plaintiffs' motion for class certification and certified the following class:

> All lawful permanent residents of the United States residing in the Western District of Washington who have submitted naturalization applications to USCIS but whose naturalization applications have not been determined within 120 days of the date of their initial examination due to the pendency of a "name check."

(Dkt. No. 29, Order Granting Class Certification, p. 13.) The Court directed the parties to file a proposed class notice. The parties have provided the Court with a proposed class notice and now jointly seek clarification regarding the class definition. Although filed jointly, the motion asks the Court to choose between two separate amended class definitions. Having considered the joint motion for clarification and the balance of the record, the Court AMENDS its class definition as follows:

ORDER — 1

> All lawful permanent residents of the United States residing in the Western District of Washington who have submitted naturalization applications to USCIS and (1) whose naturalization applications were not determined within 120 days of the date of their initial examination, (2) whose name checks remained pending on the 120th day after their initial examination, (3) whose FBI name checks remained pending on October 29, 2007, and (4) whose naturalization applications were not adjudicated as of April 25, 2008.
>
> "[R]esiding in the Western District of Washington" means that an applicant was a resident of the Western District of Washington at the time the application was filed, or that the applicant subsequently moved into the Western District of Washington and informed USCIS of his or her change of address. Applicants who filed in the Western District of Washington but who have subsequently moved are not part of the class.

**Discussion**

This case is about delayed naturalization applications due to the pendency of an FBI name check. Plaintiffs' complaint is clear that the issue Plaintiffs are targeting is the FBI name check process, and not any other potential cause of delayed naturalization application adjudications. For example, Plaintiffs alleged that the named plaintiffs' claims were typical of the class because all class members "have [had] a decision on their applications for naturalization unlawfully withheld or unreasonably delayed due to pending name checks." (Am. Compl. ¶ 65 (emphasis added); see also Order Granting Class Certification, p. 10.) Plaintiffs' complaint contains an entire section on the "name check requirement," explaining that, at USCIS's request, "the FBI conducts name checks on all naturalization applicants" (Am. Compl. ¶ 49) and that "CIS will not grant naturalization applications until it receives a completed name check from the FBI" (id. ¶ 52).[1] Plaintiffs' preliminary statement in their complaint alleges that "Defendants have ... unlawfully and unreasonably delayed rendering a decision on Plaintiffs' naturalization applications on the ground that a so-called 'name check' ... remains pending." (Id. ¶ 2.) Thus, the Court understands Plaintiffs' suit to be seeking a remedy to the delay in the naturalization adjudication process

---

[1] Plaintiffs now argue that the "name check" process includes " CIS's processing of name checks, including, for example, situations in which CIS performs additional investigation based on the results of the FBI's results." (Agreed Motion, p. 2 n.1.) (Emphasis added.) This argument conflicts with Plaintiffs' allegations in their complaint where they state that USCIS requests that the FBI conduct the name check and that USCIS waits to adjudicate the application until it receives the completed name check from the FBI.

ORDER — 2

<u>caused by the FBI name check process</u>.

Nevertheless, Plaintiffs seek an amended class definition that would expand the class to include individuals whose naturalization applications are delayed, not because of a delayed name check, but for some other reason. Plaintiffs propose an interpretation of the Court's class definition that encompasses "any and all lawful permanent residents residing in the Western District of Washington (1) who, on or after October 29, 2007, had waited more than 120 days from the date of their initial examination for an adjudication of their naturalization applications and (2) whose name checks remained pending on the 120-day anniversary of their initial examination." Thus, someone who applied on January 1, 2006, was interviewed on June 1, 2006, and whose name check was completed on January 1, 2007, but whose naturalization application remained pending on October 29, 2007, would be included in the class. The Court did not intend to include in the class individuals whose applications remain pending for a reason other than the delayed FBI name check process. The Court will not accept Plaintiffs' over-inclusive amended class definition.

Defendants propose an amended class definition that excludes naturalization applicants whose name checks were completed prior to the date Plaintiffs filed their complaint — October 29, 2007. This interpretation ensures that the class only includes applicants whose continued delayed adjudications are due to delays in the FBI name check process. The Court acknowledges that Defendants' interpretation is under-inclusive and imprecise. It will exclude those individuals whose adjudication delays resulted from a lengthy name check process, but whose name checks were completed just before Plaintiffs filed suit. It will also exclude, however, those individuals whose adjudications were delayed both by a more-than-120-day-FBI name check and other sources of delay. Someone whose name check was completed on the 121st day after the interview, but whose application remained pending for years afterwards, does not fall within the class of applicants whose applications are delayed due to the pendency of a name check. Without conducting an investigation into the circumstances of the delay for each individual potential class

ORDER — 3

member, neither the Court nor the parties can know exactly the source or sources of the delay for all potential members. Because this is a class action (and such individualized inquiry would defeat the purpose of class treatment), Defendants' use of a particular date to approximate the line between those whose delays resulted from the pending name check versus those whose delays resulted from other reasons is acceptable.

The parties agree that the geographic restriction in the class definition — "residing in the Western District of Washington" — means that an applicant was a resident of the Western District of Washington at the time the application was filed, or that the applicant subsequently moved into the Western District of Washington and informed USCIS of his or her change of address. Applicants who filed in the Western District of Washington but who have subsequently moved are not part of the class. The Court accepts this interpretation of the class definition.

Finally, Defendants request that the Court exclude any potential class members who are covered by the settlement in Kaplan v. Chertoff, Case No. 06-5304 (E.D. Penn. 2008). (See Dkt. No. 36-2.) That settlement agreement covers naturalization applicants who may lose social security benefits prior to a final decision on their naturalization applications. Although it establishes a process for requesting expedited completion of applications and name checks, the settlement explicitly does not require that either of those processes be completed by a date certain. (Id. ¶ 8.) And those class members cannot make further claims "regarding the pace or extent of security check processing by either USCIS or the FBI." (Id. ¶ 44.) Because the two classes do not appear to overlap and because Defendants have provided little support for their request to exclude, the request is denied.

**Conclusion**

To ensure that all class members are naturalization applicants whose applications have been delayed because of the pendency of an FBI name check, the Court AMENDS its class definition. The amended definition is as follows:

ORDER — 4

>All lawful permanent residents of the United States residing in the Western District of Washington who have submitted naturalization applications to USCIS and (1) whose naturalization applications were not determined within 120 days of the date of their initial examination, (2) whose name checks remained pending on the 120th day after their initial examination, (3) whose FBI name checks remained pending on October 29, 2007, and (4) whose naturalization applications were not adjudicated as of April 25, 2008.

>"[R]esiding in the Western District of Washington" means that an applicant was a resident of the Western District of Washington at the time the application was filed, or that the applicant subsequently moved into the Western District of Washington and informed USCIS of his or her change of address. Applicants who filed in the Western District of Washington but who have subsequently moved are not part of the class.

The parties are directed to file an amended proposed class notice in light of this amended class definition. The proposed class notice is due no later than June 13, 2008.

The clerk is directed to send copies of this order to all counsel of record.

Dated: June 3, 2008.

*[signature]*

Marsha J. Pechman
United States District Judge

ORDER — 5